IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BRANDON CHISM,

    Petitioner,                   No. CIV S-03-1793 MCE KJM P

    vs.

D. ADAMS,[1]                      ORDER AND

    Respondent.           FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner is a state prison inmate proceeding with counsel with a petition for a writ of habeas corpus under 28 U.S.C. § 2254. On September 20, 2006, the court heard argument on petitioner's motion to lift the stay of proceedings and to file an amended petition. Jeffrey S. Kravitz, Esq. appeared for petitioner; David M. Baskind, Deputy Attorney General, appeared telephonically for respondent.

A. <u>Background</u>

        On August 24, 2000, after trial had begun, petitioner entered a plea of no contest to four counts of assault by means of force likely to produce great bodily injury, one count of mayhem and one count of grand theft person and admitted that the crimes were committed for the

---

[1] As stipulated by the parties, Warden Adams is substituted in as the proper respondent.

1

1  benefit or at the direction of, or in association with, a criminal street gang. RT 309-313. On
2  October 10, 2000, petitioner was sentenced to a total term of twelve years. 10/10/00 RT 17-18.

        Petitioner appealed, challenging the voluntariness of his plea. The California Supreme Court ultimately denied review on July 31, 2002. Lodged Document, Ex. E.

        On August 29, 2003, petitioner filed this federal petition for a writ of habeas corpus, raising a single ground: the trial court led petitioner to believe that he retained his appellate rights after pleading guilty.

        On December 17, 2004, petitioner filed a request to stay the proceedings to allow him to exhaust his state remedies on a claim that the sentence violated <u>Blakely v. Washington</u>, 542 U.S. 296 (2004). The request was granted on January 19, 2005.

        On July 21, 2006, petitioner filed the pending motion to lift the stay and to file his amended petition. The proposed amended petition, attached to the points and authorities in support of the motion, contains four grounds. The first, that petitioner's plea was not knowing and voluntary, was presented in the original petition. The second, that petitioner's upper term sentence was based on factors neither charged nor admitted in his plea, was presented as the basis for the motion to stay. The third, that trial counsel was ineffective in numerous respects, and the fourth, that trial counsel coerced petitioner's guilty plea, were not part of the original petition nor the motion for a stay.

        Respondent has opposed the request to file an amended petition, arguing that the new claims do not relate back to the original petition and so are not timely and that the proposed claims are, for the most part, not cognizable.

II. <u>The Statute Of Limitations And Relation Back Of The New Claims</u>

        One of the changes the AEDPA made to the habeas statutes was to add a statute of

/////
/////
/////

limitations for filing a habeas petition:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post- conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244.

The "conclusion of direct review" is not the denial of review by the California Supreme Court, but ninety days thereafter, upon the expiration of the time in which to file a petition for a writ of certiorari in the United States Supreme Court. Tillema v. Long, 253 F.3d 494, 498 (9th Cir. 2001); Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir. 1999). In this case, the ninety day period expired October 3, 2002. The statute of limitations began running on October 31, 2002 and expired on October 31, 2003. Fed. R. Civ. P. 6(a) (excluding the day from which the period begins to run from the calculation of the time). The filing of the federal petition did not toll the statute of limitations. Duncan v. Walker, 533 U.S. 167, 181-82 (2001). Accordingly, the two new claims petitioner seeks to add in his amended petition are outside the statute of limitations unless they relate back to the original claim. Fed. R. Civ. P. 15 (c)(2).

In Mayle v. Felix, 545 U.S. 644, 125 S.Ct. 2562 (2005), the Supreme Court examined the interaction between the AEDPA statute of limitations and the relation back provisions of Rule 15(c)(2). The original petition in that case contained a single Sixth Amendment claim based on the admission of a witness's videotaped out-of-court statement. After the statute of limitations had run, petitioner Felix filed an amended petition, which added a Fifth Amendment claim stemming from the admission of Felix's pre-trial statements to the police and a Sixth Amendment claim of appellate counsel's ineffectiveness for failing to challenge the use of Felix's statements on appeal. Id. at 2567-68.

To determine whether Felix's amended claims related back to the original petition, the court focused on the "key words" of Rule 15(c)(2): "conduct, transaction, or occurrence," and found that "relation back depends on the existence of a common 'core of operative facts' uniting the original and newly asserted claims." Id. at 2571-72. Felix's amended petition did not meet this standard because it "targeted separate episodes, the pretrial police interrogation of witness Williams in his original petition, his own interrogation at a different time and place in his amended petition." Id. at 2572.

The Court also relied on Rule 2 of the Rules Governing § 2254 Proceedings, which instructs a petitioner to specify all grounds for relief and state the facts supporting each ground.

> Under that Rule, Felix's Confrontation Clause claim would be pleaded discretely, as would his self-incrimination claim. Each separate congeries of facts supporting the grounds for relief, the Rule suggests, would delineate an "occurrence."

Mayle, 125 S.Ct. at 2573. In a footnote, the Court cited two proper examples of "relating back." The first involved an original challenge to the prosecution's failure to comply with its obligation to provide exculpatory materials to the defense and an amended petition raising the failure to provide a particular report. The Court noted that both pleadings "related to evidence obtained at the same time by the same police department." Id. at 2575 n.7. The second involved an original

4

petition challenging the trial court's admission of a witness's recanted statements, while the amended petition challenged the court's refusal to allow the defendant to show the statements had been recanted; the Supreme Court quoted the lower court's recognition that relation back would be appropriate if the new claim was based on the same facts as the original pleading, but only changed the legal theory. Id.

The Ninth Circuit has not addressed the question of relation back of habeas claims in a published decision since Mayle. The First Circuit has examined the question and, consistent with its reading of Mayle, strictly construed the relation back doctrine when considering an amended motion to vacate sentence under 28 U.S.C. § 2255.

In United States v. Ciampi, 419 F.3d 20 (1st Cir. 2005), cert. denied, ___ U.S. ___, 126 S.Ct. 2906 (2006), the movant filed a pro se petition challenging, among other things, the district court's failure adequately to inquire into the movant's understanding of the provision for the waiver of appellate rights included in his plea agreement and ineffective assistance of counsel based on his attorney's failure to investigate misstatements in the indictment. Id. at 24. Counsel was appointed and then filed an amended petition raising counsel's ineffectiveness for failing adequately to advise petitioner to appeal one of the counts of conviction and to explain the waiver of appeal. Id. at 22, 24.

The Ciampi court found that the new claims did not relate back. Although both claims "generally related to [movant's] 'understanding' of his appellate waiver," they focused on wholly different aspects and actors, which prevented a finding that the new claim related back to the original petition. Id. at 24.

> [A]mended habeas corpus claims generally must arise from the "same core facts," and not depend upon events which are separate both in time and type from the events upon which the original claims depended.

Id.; see also Laurore v. Spencer, 396 F.Supp.2d 59 (D. Mass. 2005) (claim that jury was not properly instructed on relationship between defendant's mental state and the ability to form

criminal intent did not relate back to original claim that jury was not instructed on voluntariness of confession because the claims rely on different constitutional protections and on defendant's mental state at different times).

In the instant matter, in claim two of the proposed amended petition, petitioner challenges the trial court's reliance on factors neither charged nor admitted to impose the upper term, a claimed Blakely violation.  This claim has nothing to do with the voluntariness of petitioner's plea of no contest and occurred at a separate proceeding.  It does not relate back.

Claim three of the proposed amended petition alleges that trial counsel was ineffective in six respects:  (A) he guaranteed petitioner could appeal despite the no contest plea; (B) he failed to pursue a theory of imperfect self-defense; (C) he "failed to challenge witness intimidation of Ryan Estes"; (D) he failed to challenge "conflict of interest of officers who testified and had participated in intimidation of witness Ryan Estes;" (E) he failed to secure an expert witness on gangs; (F) he failed "to challenge allegation of 'subornation of perjury' advised client he could pay Estes." [sic].[2]  Proposed Am. Pet. at 9-10. Claim four is also one of ineffective assistance of counsel: "Counsel promised petitioner that he would get a probationary term or a short sentence, that the 13 year lid was a mere formality and that the petitioner still had the right to appeal." Id. at 11.

Grounds B through F of claim three have no connection to petitioner's no contest plea, either factually or temporally: these alleged derelictions occurred before or during the aborted trial and have nothing to do with the voluntariness of petitioner's no contest plea.

Whether ground A of claim three and claim four relate back is a close question.  At the hearing, petitioner's counsel argued that the "core" common to these claims and the claim in the original petition is the impact on the knowing nature of the plea.  Counsel for respondent urged that the claims are based on different theories and facts in that the claim in the original

---

[2] Petitioner's no contest plea was negotiated after the parties learned that petitioner had offered to pay defense witness Estes $400 for untruthful testimony. RT 301-303.

petition focused on the trial court's misleading petitioner regarding his right to appeal, whereas the proposed amended claims focus on trial counsel's actions with respect to the plea.

After examining the plea transcript, this court finds that ground A of claim three and the portion of claim four relating to trial counsel's alleged assurance that petitioner retained the right to appeal relate back to the claim in the original petition, for reasons discussed below.

Just before petitioner entered his no contest plea, defense counsel notified the court that the written plea agreement was filled out except "the only thing he did not mark . . . is the right to give up his appeal.  There may be issues there which I'm not sure if you want that as a condition." RT 308.  The district attorney said it was a standard condition of the plea and said she wanted it to be part of this plea.  Id.

The court did not ask petitioner whether he understood he was waiving his right to appeal as part of his plea agreement.  At the end of the plea colloquy, defense counsel said:

> The only thing I'd state for the record your Honor, I don't know if my client knew it, but this Court has agreed that he did not have to sign that provision waiving his right to an appeal.
>
> THE COURT: That's right, sure.  That's fine.  Very good.  All right.  Court will be in recess.

RT 316.  Moreover, in his declaration in support of the amended petition, petitioner avers that he did not check the box on the plea form relating to the waiver of appellate rights on the advice of defense counsel. Proposed Am. Pet., Ex. 1 (Decl. of Brandon Chism ¶ 13).  These facts are bound up with the trial court's less-than-clear response to defense counsel's statement about the waiver of appeal.  Although the proposed amended claim adds trial counsel as an actor in the events, the transcript and petitioner's declaration suggest a close relationship between counsel's and the court's representations.  Unlike Ciampi, then, the claims flow from the same time in the proceedings and are based on related theories.  The proposed new claim, then, relates back to the original petition.

/////

III.  Futility Of Amendment

Respondent also argues that the <u>Blakely</u> claim and grounds B through F of claim three are not cognizable and so should not be part of an amended petition.  In light of the above resolution of the relation back question as to these claims, the court need not address this argument.

Accordingly, IT IS HEREBY ORDERED that the stay entered January 19, 2005 is hereby lifted.

IT IS HEREBY RECOMMENDED that petitioner's motion to file an amended petition be granted only insofar as the claim that trial counsel was ineffective in advising him that he retained the right to appeal may be included in an amended petition, but denied in all other respects.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED:  December 20, 2006.

_____
U.S. MAGISTRATE JUDGE

2
chis1793.oah