IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BRANDON CHISM,

        Petitioner,                        No. CIV S-03-1793 MCE KJM P

    vs.

D. ADAMS,                             ORDER AND

        Respondent.                 FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner is a state prison inmate proceeding with counsel with a petition for a writ of habeas corpus alleging his Solano County conviction is invalid because his no contest plea was not knowing and intelligent in that the court did not advise him that the plea restricted his right to appeal, and that counsel was ineffective in advising him he retained the right to appeal following his plea.

I. Background

        On August 24, 2000, after trial had begun, allegations surfaced concerning an alleged attempt by petitioner and his family to suborn the perjury of witness Ryan Estes. Lodged Document (Lodg. Doc.) B, Vol. I (Reporter's Transcript) at 300-301. As trial was put on hold the parties worked out a plea agreement. Id. at 308. The plea was memorialized in a preprinted

1

form, which advised petitioner of the rights he waived by the plea and contained an acknowledgment that, in exchange for the plea, petitioner had been promised a "13 year lid." Lodg. Doc. A (Clerk's Transcript) at 234-235. Petitioner initialed most of the advisements. However, one portion of the form read "[e]ven though I will be convicted in this case as a result of the plea, I have the right to appeal the judgment and rulings of the court. **I give up my right of appeal**." Id. at 235 (emphasis in original). Petitioner did not initial this portion of the form. Id.

> When they returned to court, the following exchange occurred:
>
> MR. ELLERMAN [defense counsel]: . . . The only thing he did not mark, your Honor, is the right to give up his appeal. There may be issues there which I'm not sure if you want that as a condition.
>
> MRS. GEISSER [the prosecutor]: It's standard, yes.
>
> MR. ELLERMAN: You want to make it a condition of this plea?
>
> MRS. GEISSER: Yes.
>
> (Pause in proceedings.)
>
> THE COURT: Counsel, approach the bench, please.
>
> (Off-the-record discussion at bench.)
>
> THE COURT: All right. Now, Mr. Chism, I've had a chance to talk with the attorneys about this. They've handed me a waiver form. Showing you this form, are these your initials and signature on the form?
>
> THE DEFENDANT: (Nods head.)

Lodg. Doc. B, Vol. I at 308-309. The court then summarized the counts to which petitioner was pleading and the potential maximum punishment for the charges and the court's agreement to impose a sentence no greater than thirteen years. Id. at 309-310. Petitioner entered his plea of no

/////

/////

/////

1 contest and the court accepted it.  RT 311-313.  At the end of the hearing, after the parties agreed

2 upon a sentencing date and had discussed other housekeeping matters, the following occurred:

> MR. ELLERMAN: The only thing I'd state for the record, your Honor, I don't know if my client knew it, but this Court has agreed that he did not have to sign that provision waiving his right to an appeal.
>
> THE COURT: That's right, sure.  That's fine.  Very good.  All right.

Lodg. Doc. B, Vol. I at 316.

The court sentenced petitioner to a total term of twelve years.  Ex. B, Vol. II at 18-19.  Petitioner filed a notice of appeal and requested the issuance of a certificate of probable cause under California Penal Code § 1237.5; as a basis for the request, he stated that there were "constitutional . . . defects going to the legality of the plea . . . [m]is representations inducing[] me to plead guilty."  Lodg. Doc. A at 292.  Defense counsel filed a declaration in support of the request, averring that "[t]he proceedings during which defendant entered a plea of guilty were illegal because Brandon's decision was based upon misrepresentations communicated to him."  Id. at 295.  The superior court issued the certificate of probable cause.  Id. at 311.

Petitioner appealed, arguing that his plea was neither knowing nor voluntary because he was under the impression he would be able to appeal despite the plea.  Lodg. Doc. D at 2.  The Court of Appeal rejected this claim:

> Nothing in the record before us shows that appellant was given mistaken advice by the trial court.  On the waiver of rights form, appellant declined to place his initials on the provision which explicitly waived his "right to appeal the judgment and rulings of the court."  The court did not advise appellant that by leaving the provision blank he somehow retained his right to appeal the "merits of the conviction" notwithstanding the plea.  As we read the record, the court merely acknowledged the validity of the plea to defense counsel despite the lack of appellant's signature on "that provision waiving his right to an appeal."  Appellant's failure to initial the appeal provision of the plea form did not function to either expand or restrict the issues cognizable on appeal.  Appellant did not surrender or limit his right to appeal in the waiver form.  Rather, his right to seek appellate review of issues related to the determination of guilt or innocence was relinquished by operation

>  of law upon entry of the plea itself.  Further, the record contains no representation by the court that following appellant's no contest plea he would nevertheless be entitled to raise issues on appeal not cognizable under section 1237.5.  Appellant has failed to present clear and convincing evidence that he entered his plea in contemplation of appeal rights beyond the jurisdiction of the trial court to grant him.
>
> . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
>
> . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
>
> We also conclude that appellant has not established lack of a knowing and intelligent waiver of constitutional rights.  . . . .
>
> Appellant signed the form indicating admonishment and waiver of his rights. . . .  Here, defense counsel assured the court that he informed appellant of his rights and the consequences of the plea.  The waiver and plea form also reflects defense counsel's representation that he personally discussed the document with appellant and concurred in appellant's decision to waive his rights and enter the plea, as well as appellant's attestation that his rights and the consequences of the plea had been explained to him.  At the hearing on the change of plea, the trial court confirmed that appellant understood his rights and voluntarily signed the waiver form.  We may also infer from the dialogue at the hearing that counsel discussed with appellant the implications of the plea–along with the lack of his signature on the appeal provision of the form- upon the right to appeal.
>
> We do not find the plea defective for failure of the trial court to specifically advise appellant of the effect of a no contest plea on his appeal rights. . . .  Appellant's signature on the waiver form upon the advice of counsel, and the confirmation of his understanding of the consequences of the waiver by the trial court, furnishes adequate evidence of a knowing and voluntary plea.
>
> We also conclude that appellant has failed to adequately demonstrate prejudice in this appeal. . . .  Appellant's assertion in his brief that but for the misadvisement he would not have pleaded guilty is not a proper evidentiary component of the record on appeal. . . .To the extent the record before us sheds any light upon the issue, appellant's failure to object suggests that he did not consider the loss of his "complete" appellate rights significant in the context of his plea agreement. . . .

Id. at 4-6 (citations and footnote omitted).  The California Supreme Court ultimately denied review on July 31, 2002.  Lodg. Doc. E.

/////

On August 29, 2003, petitioner filed this federal petition for a writ of habeas corpus, raising a single ground: the trial court led petitioner to believe that he retained his appellate rights after pleading guilty.

On December 17, 2004, petitioner filed a request to stay the proceedings to allow him to exhaust his state remedies on a claim that the sentence violated Blakely v. Washington, 542 U.S. 296 (2004).  The request was granted on January 19, 2005.  The exhaustion petitions were broader: they included a challenge to defense counsel's advice concerning the right to appeal following his no contest plea.

On January 5, 2005, the Solano County Superior Court denied the state habeas petition:

> The Court having read and considered the Petition for Writ of Habeas Corpus ("petition") filed on November 18, 2004, alleging that petitioner's attorney induced him to enter a plea of no contest by providing him ineffective assistance of counsel . . . finds and orders the following:
>
> 1. Pursuant to Rule 260(a) and (e) of the California Rules of Court, the Court finds that petitioner has failed to state a prima facie case demonstrating that he is entitled to relief. . . . Petitioner does not provide evidentiary support of his assertion that he would not have accepted the plea but for counsel's alleged deficiencies. (*Hill v. Lockhart* (1985) 474 U.S. 52, 59.)

Lodg. Doc. G at 127-128.  The Court of Appeal and Supreme Courts denied his further state habeas petitions without comment.  Lodg. Docs. H-I.

On July 21, 2006, petitioner filed a motion to lift the stay and to file his amended petition, which contained four grounds.  On December 20, 2006, this court recommended that petitioner be allowed to add only one additional ground to his amended petition: that trial counsel was ineffective in assuring petitioner that he retained the right to appeal even after entering his no contest plea.  The district court adopted this recommendation and the action proceeded on the amended petition.

/////

In support of the amended petition, petitioner submitted a number of declarations. Those relevant to the issues before the court are those executed by petitioner and his father. Petitioner describes the circumstances leading to his plea and says, among other things:

> 13. When I signed my plea agreement terms, I did not initial the box regarding waiving my right to appeal, on advice of Defense Attorney Ellerman. This instruction by Defense Attorney Ellerman was witnessed by my father. . . . .
>
> . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
>
> . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
>
> 15. When I was being sentenced, Trial Court made mention of the right-to-appeal box on the agreement but, after a brief discussion in which Defense Attorney Ellerman apprised Trial Court of my intent to appeal, Trial Court okayed the plea.
>
> 16. Defense Attorney Ellerman assured me I had "very good issues" on appeal.
>
> . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
>
> 18. When Trial Court adjudicated me to a twelve-year term, I asked Defense Attorney Ellerman what had happened to the probation, or the possible "couple of years" in State prison, but he told me not to worry, because we would get a reversal on appeal.
>
> . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
>
> 21.  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
>
> I further believe Defense Attorney Ellerman did not satisfactorily explain to Trial Court what Ellerman told me and my father about the appeal, when Ellerman expressly instructed me NOT to sign the box on the plea agreement.

Exs. In Support Of Am. Pet. (Docket No. 36-4), Ex. 1, Decl. of Brandon Chism. In an earlier declaration, petitioner averred:

> 3. The Court never informed me that regardless of my not initialing that section, my appellate rights were limited by operation of law by the entrance of a plea.

/////

/////

       4. At the time I entered my plea I was under the impression that I still retained my rights to appeal the judgment and rulings of the Court. The comments of the Court that were made in response to my attorney's comments convinced me that indeed I had not given up such rights.

       5. Had I realized that by entering my plea I automatically gave up my appellate rights, I would not have entered my plea in this case.

Decl. of Brandon Chism filed June 9, 2004, Docket No. 20.

       Chism's father Jon submitted two declarations, one detailing defense counsel's involvement in the alleged subornation of perjury, which is not before this court, and one discussing the circumstances surrounding his son's plea:

       6. When Ellerman presented the written plea agreement to my son, he instructed Brandon NOT to initial the portion on the Waiver Form of the right to appeal.

       7. Ellerman then instructed my son to enter a plea of "no contest" to the charges, and he assured Brandon he was retaining his right to appeal the conviction.

Exs., Docket No. 36-4, Ex. 8, Decl. of Jon Chism.

       In opposition, respondent has submitted the declaration of defense counsel, who avers he advised petitioner to plead after it was revealed he had paid a witness. In addition:

       3. Mr. Chism signed a change of plea form, but did not initial the provision waiving his right to appeal.

       4. I told Judge Harry S. Kinnicutt that Mr. Chism had agreed to plead guilty to several counts, but he did not sign the provision waiving his right to appeal.

       5. Prosecutor Kathleen Geisser stated that the waiver of appellate rights was a condition of his plea.

       6. I explained to Mr. Chism that he would have to waive his right to appeal. Mr. Chism stated that he was willing to plead guilty with that condition.

/////

/////

/////

1        7. Judge Kinnicutt called me and Prosecutor Geisser to the bench
for an off-the-record discussion. I told Judge Kinnicutt that Mr.
2        Chism understood he had to waive his appellate rights, but he did
not want to initial the waiver provision. Judge Kinnicut stated that
3        Mr. Chism did not have to initial the provision as long as he
understood the waiver was, nevertheless, a condition of the plea.

Am. Mem. (Docket No. 49), Ex. F, Decl. of Troy Ellerman.

      Petitioner has asked the court to take judicial notice of the judgment in United States v. Troy L. Ellerman, Cr.-07-00080 (N.D. Cal.), showing defense counsel's convictions for two counts of criminal contempt, one count of filing a false declaration, and one count of obstruction of justice. Docket No. 59 at 5-11. This request will be granted. Bias v. Moynihan, 508 F.3d 1212, 1225 (9th Cir. 2007).

      Upon the court's initial determination to schedule an evidentiary hearing, the parties briefed the question whether a hearing was required. As explained below, the court is able to resolve the questions in the petition on the trial court record and the declarations.

## II. Standard Under The AEDPA

      An application for a writ of habeas corpus by a person in custody under a judgment of a state court can be granted only for violations of the Constitution or laws of the United States. 28 U.S.C. § 2254(a). Also, federal habeas corpus relief is not available for any claim decided on the merits in state court proceedings unless the state court's adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or

/////
/////
/////
/////
/////

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (referenced herein in as "§ 2254(d)" or "AEDPA").[1] It is the habeas petitioner's burden to show he is not precluded from obtaining relief by § 2254(d). See Woodford v. Visciotti, 537 U.S. 19, 25 (2002).

The "contrary to" and "unreasonable application" clauses of § 2254(d)(1) are different. As the Supreme Court has explained:

> A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in our cases, or if it decides a case differently than we have done on a set of materially indistinguishable facts. The court may grant relief under the "unreasonable application" clause if the state court correctly identifies the governing legal principle from our decisions but unreasonably applies it to the facts of the particular case. The focus of the latter inquiry is on whether the state court's application of clearly established federal law is objectively unreasonable, and we stressed in Williams [v. Taylor, 529 U.S. 362 (2000)] that an unreasonable application is different from an incorrect one.

Bell v. Cone, 535 U.S. 685, 694 (2002). A state court does not apply a rule different from the law set forth in Supreme Court cases, or unreasonably apply such law, if the state court simply fails to cite or fails to indicate an awareness of federal law. Early v. Packer, 537 U.S. 3, 8 (2002).

The court will look to the last reasoned state court decision in determining whether the law applied to a particular claim by the state courts was contrary to the law set forth in the cases of the United States Supreme Court or whether an unreasonable application of such law has occurred. Avila v. Galaza, 297 F.3d 911, 918 (9th Cir. 2002), cert. dismissed, 538 U.S. 919 (2003). Where the state court fails to give any reasoning whatsoever in support of the denial of a claim arising under Constitutional or federal law, the Ninth Circuit has held that this court

---

[1] Title 28 U.S.C. § 2254(d) establishes a precondition to federal habeas relief, not grounds for entitlement to habeas relief. Fry v. Pliler, 551 U.S. 112, 118-19 (2007).

1   must perform an independent review of the record to ascertain whether the state court decision
2   was objectively unreasonable.  Himes v. Thompson, 336 F.3d 848, 853 (9th Cir. 2003).  In other
3   words, the court assumes the state court applied the correct law, and analyzes whether the
4   decision of the state court was based on an objectively unreasonable application of that law.

5   It is appropriate to look to lower federal court decisions to determine what law has
6   been "clearly established" by the Supreme Court and the reasonableness of a particular
7   application of that law.  "Clearly established" federal law is that determined by the Supreme
8   Court.  Arredondo v. Ortiz, 365 F.3d 778, 782-83 (9th Cir. 2004).  At the same time, it is
9   appropriate to look to lower federal court decisions as persuasive authority in determining what
10  law has been "clearly established" and the reasonableness of a particular application of that law.
11  Duhaime v. Ducharme, 200 F.3d 597, 598 (9th Cir. 1999); Clark v. Murphy, 331 F.3d 1062 (9th
12  Cir. 2003), overruled on other grounds, Lockyer v. Andrade, 538 U.S. 63 (2003); cf. Arredondo,
13  365 F.3d at 782-83 (noting that reliance on Ninth Circuit or other authority outside bounds of
14  Supreme Court precedent is misplaced).

15  III.  Validity of the Plea

16  Petitioner argues his plea was not knowing or intelligent because the trial court
17  did not advise him he was waiving his right to appeal or that his appellate rights would be limited
18  by operation of law, depending on which declaration one reads.

19  A guilty plea must be knowing, intelligent and voluntary.  Brady v. United States,
20  397 U.S. 742, 748 (1970); Boykin v. Alabama, 395 U.S. 238, 242 (1969).  "Waivers of
21  constitutional rights not only must be voluntary but must be knowing, intelligent acts done with
22  sufficient awareness of the relevant circumstances and likely consequences."  Brady, 397 U.S. at
23  748.  The "likely consequences" of which a defendant must be informed are the direct
24  consequences of the plea:  a defendant need not be informed about collateral consequences of his
25  plea, and failure to so inform him does not render the plea involuntary.  See Hill v. Lockhart, 474
26  U.S. 52, 56 (1985) ("We have never held that the United States Constitution requires the State to

furnish a defendant with information about parole eligibility in order for the defendant's plea of guilty to be voluntary."); Rodriguez v. Ricketts, 798 F.2d 1250. 1254 (9th Cir. 1986) (*"Boykin* does not require a state court to enumerate all of the rights a defendant waives as long as the record indicates that the plea was entered voluntarily and understandingly.") Whether a consequence is direct or collateral "turns on whether the result represents a definite, immediate and largely automatic effect on the range of the defendant's punishment." Torrey v. Estelle, 842 F.2d 234, 236 (9th Cir. 1988) (enumerating examples of direct and consequential consequences; citations omitted); but see Padilla v. Kentucky, ___ U.S. ___, 130 S.Ct. 1473, 1481 n.8 (2010) (declining to address the direct/collateral consequences distinction). Petitioner has not cited any Supreme Court or even circuit court authority holding that a limitation on the right to appeal or even a waiver of appeal is a direct consequence of a plea and that, as a result, a defendant must be notified in order to render the plea valid. See Bolden v. Rogerson, 2005 WL 1079325 (N.D. Iowa 2005) (no need to inform petitioner that his interlocutory appeal would be dismissed following his plea). That any limit on petitioner's right to appeal was effected by "operation of law," as noted by the state appellate court, does not render the limit a direct consequence or otherwise require advisement to render a plea constitutionally valid. Tanner v. McDaniel, 493 F.3d 1135, 1147 (9th Cir.), cert. denied, 552 U.S. 1068 (2007) (no constitutional requirement that "the defendant be aware of his right to appeal after the plea is entered"); United States v. Floyd, 108 F.3d 202, 204 n.2 (9th Cir. 1997) ("We have consistently held that Rule 11 does not require a district court to inform a defendant that, by pleading guilty, she is waiving her right to appeal any antecedent rulings or constitutional violations."), overruled on other grounds, United States v. Jacobo Castillo, 496 F.3d 947 (9th Cir. 2007); United States v. Wise, 179 F.3d 184, 187 (5th Cir. 1999) (court has no duty to advise a defendant of the existence of conditional pleas, which would allow him to appeal certain pre-plea rulings).

Moreover, the record does not support petitioner's claim that the court failed to inform him that he was waiving his right to appeal. First, the plea colloquy simply did not

11

address a waiver of appeal.  The prosecutor's statement that a waiver was standard does not translate into the court's failure in this case to advise.  In fact, at the end of the proceedings, the court agreed with defense counsel's explanation that the court had not required petitioner to sign the waiver-of-appeal section of the plea form.  Second, petitioner simply did not waive – give up – his right to appeal.   In fact, he pursued an appeal after counsel secured the issuance of a certificate of probable cause and would have been able to raise issues concerning matters occurring after the plea without the issuance of such a certificate.  People v. Panizzon, 13 Cal.4th 68, 74 (1996).

Petitioner has not borne his burden of demonstrating that his plea was invalid or that the state court applied federal law unreasonably in so concluding.

IV.  Ineffective Assistance Of Counsel

> The federal law on claims of attorney ineffectiveness is clear:
> First, the defendant must show that counsel's performance was
> deficient.  This requires showing that counsel made errors so
> serious that counsel was not functioning as the 'counsel'
> guaranteed by the Sixth Amendment.  Second, the defendant must
> show that the deficient performance prejudiced the defense.

Strickland v. Washington, 466 U.S. 668, 687 (1984).  A court must be "highly deferential" in judging counsel's performance, affording counsel a strong presumption of adequacy.  Id. at 689.

The Supreme Court has held that Strickland's two-part test applies to challenges to attorney competence during the plea process: the first prong is "nothing more than a restatement of the standard of attorney competence already set forth" while "the second, or 'prejudice,' requirement . . . focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." Hill v. Lockhart, 474 U.S. 52, 58-59 (1985).

For the purpose of resolving the claim of ineffective assistance in this case, the court accepts as true petitioner's claim that defense counsel informed him that he retained the right to appeal following his no contest plea.  This advice is correct in the broad sense: with the

1  issuance of a certificate of probable cause, petitioner could raise any issue relating to the
2  jurisdiction of the court or the validity of the plea; even without such a certificate, he could raise
3  search or sentencing issues.  People v. Hoffard, 10 Cal.4th 1170, 1178 (1995); People v.
4  Kaanehe, 19 Cal.3d 1, 8 (1977).  Indeed, defense counsel prepared a notice of appeal and a
5  request for a certificate of probable cause and appellate counsel pursued an attack on the plea.
6  Neither current counsel nor any of the lawyers who represented petitioner during the state and
7  federal habeas proceedings have presented any other declaration suggesting that defense
8  counsel's advisement related to anything other than a waiver, rather than a limitation, on the right
9  to appeal.  Petitioner has therefore not borne his burden of demonstrating that counsel's advise
10 was objectively unreasonable.  See Sophanthavong v. Palmateer, 378 F.3d 859, 868 (9th Cir.
11 2004) (to establish ineffective assistance a petitioner must show gross mischaracterization of the
12 likely result of a plea bargain); United States v. Bygrave, 97 F.3d 708, 709 (2d Cir. 1996) (fact
13 that defendant in fact pursued an appeal, despite court's failure to advise he retained to the right
14 to appeal sentencing errors, negates any showing of prejudice).

15          IT IS THEREFORE ORDERED that petitioner's request for judicial notice
16 (docket no. 59) is granted.
17 /////
18 /////
19 /////
20 /////
21 /////
22 /////
23 /////
24 /////
25 /////
26 /////

IT IS RECOMMENDED that the petition for a writ of habeas corpus be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 25, 2010.

U.S. MAGISTRATE JUDGE

2 chis1793.157